# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| CURTIS SMITH,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DUBUQUE COUNTY JAIL, MICHAEL MUENSTER, EDWARD BAKER, SNYDER, BUTZIER, LISA ALTHAUS, VICKI DOE,<br><br>　　　　Defendants. | No. C11-1043-LRR<br><br>INITIAL REVIEW ORDER |

## *I. INTRODUCTION*

　　This matter is before the court following transfer from the United States District Court for the Southern District of Iowa. Such transfer occurred on September 29, 2011. The clerk's office filed the case in this district on October 6, 2011. Prior to the case being transferred or on July 29, 2010, the plaintiff submitted an application to proceed in forma pauperis, an application for appointment of counsel and a complaint pursuant to 42 U.S.C. § 1983.

## *II. IN FORMA PAUPERIS STATUS UNDER 28 U.S.C. § 1915*

　　Based on the plaintiff's application to proceed in forma pauperis, the court concludes that the plaintiff does not have sufficient funds to pay the required filing fee. 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). Thus, in forma pauperis status shall be granted to the plaintiff. *See generally* 28 U.S.C. § 1915. The clerk's office shall file the complaint without the prepayment of the filing fee. Although the court deemed it appropriate to grant the plaintiff in forma pauperis status, the plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner

Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Here, the plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on the documents that the plaintiff submitted in this case and another action that he filed in this district on November 21, 2011, the court finds that the initial partial filing fee is $1.10. *Id*. The plaintiff shall submit $1.10 by no later than January 31, 2012. *Id*. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically,

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after the plaintiff pays in full the initial partial filing fee, the remaining installments shall be collected by the institution having custody of the plaintiff. *Id*. The clerk's office shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

### III.  APPOINTMENT OF COUNSEL

Appointment of counsel is based on multiple factors, including the complexity of the case, and, although the court does appoint attorneys in actions that arise under 42 U.S.C. § 1983, it is not required to appoint an attorney. *See Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (setting forth factors to be considered for appointment of counsel in civil case); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case). Given the record, the court does not believe that the assistance of counsel is warranted. Accordingly, the application for appointment of counsel shall be denied.

### IV.  STANDARD OF REVIEW

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). In addition, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level. . . .'", *see Parkhurst*

*v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325. *See, e.g., Denton v. Hernandez*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

### V.  CLAIM ASSERTED

The plaintiff, proceeding pro se, submitted a complaint to redress issues that are related to events that occurred while he was confined at the Dubuque County Jail. Jurisdiction is predicated on 28 U.S.C. § 1343(a). Under 28 U.S.C. § 1391(b), venue appears proper.

In his complaint, the plaintiff states:

> On 11-06-10, I was given the wrong medication. The medication was issued to me by a staff [member] of jail security instead of jail medical staff. After being issued the wrong medication by officer Edward Baker, I became sick to the point of me not being able to hold food down, and I was somewhat incoherent. I immediately requested to see a medical staff [member], but to no avail until 11-8-10. I submitted a jail grievance on 11-6-10, 11-8-10, 11-10-10 and 11-11-10. Finally, I received a response from Michael Muenster on 11-12-10 denying my grievance and stating my honesty was in question. Lisa Althaus stated that she gave me my medicine but didn't. Officer Snyder denied me medical treatment. Dr. Butzier denied me outside medical treatment.

As relief, the plaintiff states:

> I would like the court to award monetary damages in the amount of $80,000.

### VI.  ANALYSIS

#### A.  *Claims Under 42 U.S.C. § 1983*

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regu-lation, custom, or usage, of any State or Territory . . .

> subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617, 99 S. Ct. 1905, 60 L. Ed. 2d 508 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

### B. *Plaintiff's Claim*

The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const., amend. VIII. Accordingly, the treatment a prisoner receives in

5

prison and the conditions of his confinement are subject to scrutiny under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 831-32, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994); *Helling v. McKinney*, 509 U.S. 25, 31-32, 113 S. Ct. 2475, 2480, 125 L. Ed. 2d 22 (1993). In its prohibition of cruel and unusual punishments, the Eighth Amendment places a duty on jail and prison officials to provide inmates with necessary medical attention. *Wilson v. Seiter*, 501 U.S. 294, 303, 111 S. Ct. 2321, 2326-27, 115 L. Ed. 2d 271 (1991); *Weaver v. Clark*, 45 F.3d 1253, 1255 (8th Cir. 1995). In this context, a prison official violates the Eighth Amendment by being deliberately indifferent either to a prisoner's existing serious medical needs or to conditions posing a substantial risk of serious future harm. *Weaver*, 45 F.3d at 1255 (comparing *Estelle v. Gamble*, 429 U.S. 97, 104-105, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976) (existing medical needs) with *Helling*, 509 U.S. at 33-34, 113 S. Ct. at 2480-81 (risk of future harm to health)).

An Eighth Amendment violation occurs only when two requirements are met: (1) "the deprivation alleged must be, objectively, 'sufficiently serious,'" and (2) the "prison official must be, as a subjective state of mind, deliberately indifferent to the prisoner's health or safety." *Beyerbach v. Sears*, 49 F.3d 1324, 1326 (8th Cir. 1995) (citations omitted); *see also Helling*, 509 U.S. at 32; *Estelle*, 429 U.S. at 106; *Jolly v. Knudson*, 205 F.3d 1094, 1096 (8th Cir. 2000); *Williams v. Delo*, 49 F.3d 442, 445-47 (8th Cir. 1995). In the context of a prisoner's claim of inadequate medical care, society does not expect that prisoners will have unqualified access to health care. *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed. 2d 156 (1992). Consequently, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.* (citing *Estelle*, 429 U.S. at 103-04); *see also Wilson*, 501 U.S. at 298.

To constitute an objectively serious medical need or a deprivation of that need, the need or the deprivation either must be supported by medical evidence or must be so obvious that a layperson would recognize the need for a doctor's attention. *Aswegan v.*

*Henry*, 49 F.3d 461, 464 (8th Cir. 1995); *Johnson v. Busby*, 953 F.2d 349, 351 (8th Cir. 1991); *see, e.g., Beyerbach*, 49 F.3d at 1326-27 (insufficient evidence of objective seriousness when there is no medical evidence that delay in treatment produced any harm); *Kayser v. Caspari*, 16 F.3d 280, 281 (8th Cir. 1994) (insufficient evidence of serious medical need when the medical need claimed is based on bare assertion of inmate). The objective portion of the deliberate indifference standard requires a showing of verifiable medical evidence that a defendant ignored an acute or escalating situation, or that delays adversely affected the prognosis given the type of medical condition present in the case. *See Dulany v. Carnahan*, 132 F.3d 1234, 1243 (8th Cir. 1997) (citing *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997), and *Beyerbach*, 49 F.3d at 1326); *see also O'Neil v. White*, 221 F.3d 1343, 1343 (8th Cir. 2000) (citing *Crowley*, 109 F.3d at 502).

To meet the second requirement, the "subjective" component of an Eighth Amendment claim, a prison or jail official must have a "sufficiently culpable state of mind." *Wilson*, 501 U.S. at 297-303; *Hudson*, 503 U.S. at 8. In a medical needs claim, that state of mind is one of "deliberate indifference" to inmate health. *Farmer*, 511 U.S. at 838-39; *Helling*, 509 U.S. at 32; *Wilson*, 501 U.S. at 302-303; *Estelle*, 429 U.S. at 106. Regarding the meaning of the term "deliberate indifference," the United States Supreme Court has explained:

> [A] prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. . . . The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments."

*Farmer*, 511 U.S. at 837. Thus, to establish the second requirement, "deliberate indifference," a plaintiff must assert facts showing the defendant actually knew of and

disregarded a substantial risk of serious harm to his or her health or safety. *Id.*, 511 U.S. at 840-47; *Helling*, 509 U.S. at 32.

Medical treatment that displays "deliberate indifference" violates the Eighth Amendment "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104-05; *see also Foulks v. Cole County*, 991 F.2d 454, 456-57 (8th Cir. 1993). Negligent acts by prison officials, however, are not actionable under 42 U.S.C. section 1983. *See Davidson v. Cannon*, 474 U.S. 344, 347-48, 106 S. Ct. 668, 670, 88 L. Ed. 2d 677 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-34, 106 S. Ct. 662, 666, 88 L. Ed. 2d 662 (1986); *Estelle*, 429 U.S. at 106; *Taylor v. Bowers*, 966 F.2d 417, 421 (8th Cir. 1992). Further, an inmate's disagreement or displeasure with his course of medical treatment is not actionable under 42 U.S.C. § 1983. *Dulany*, 132 F.3d at 1239-44; *Bellecourt v. United States*, 994 F.2d 427, 431 (8th Cir. 1993); *Davis v. Hall*, 992 F.2d 151, 153 (8th Cir. 1993) (per curiam); *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991); *Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir. 1990); *Givens v. Jones*, 900 F.2d 1229, 1233 (8th Cir. 1990).

Here, the plaintiff disapproves of receiving the medication of another inmate. Stated differently, the plaintiff dislikes the fact that he got sick because personnel within the Dubuque County Jail gave him medication that his doctor did not prescribe for him. Based on the facts as pleaded, the plaintiff fails to state a claim of an Eighth Amendment medical needs violation. The facts alleged do not establish that the plaintiff had a serious medical need and the defendants actually knew of and deliberately disregarded his serious medical need. Rather, the facts, at most, indicate that the defendants mistakenly gave the wrong medication to the plaintiff. Because the facts presented by the plaintiff belie any assertion of deliberate indifference by the defendants, the plaintiff fails to state a claim on which relief may be granted. *Cf. Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002)

(dismissing case as frivolous because "[n]either differences of opinion nor medical malpractice state an actionable Constitutional violation"); *Williams v. Kelso*, 201 F.3d 1060, 1065 (8th Cir. 2000) ("[T]he law requires that [the] plaintiff make a showing of subjective awareness by the prison officials of a "substantial risk" of "serious harm" . . . in order to establish [a viable] cause of action."). For failure to state a 42 U.S.C. § 1983 claim with an arguable basis in fact or in law, the plaintiff's deliberate indifference to serious medical needs claim shall be dismissed. *See* 42 U.S.C. § 1997e(c); *see also* 28 U.S.C. § 1915A(b)(1); *Denton*, 504 U.S. at 26-27; *Neitzke*, 490 U.S. at 325-27; *Cokeley*, 27 F.3d at 332.

Additionally, with respect to the Dubuque County Jail, dismissal is warranted because the complaint does not include specific allegations against the Dubuque County Jail; the plaintiff's action under 42 U.S.C. § 1983 is not cognizable because he does not allege that the Dubuque County Jail was personally involved with or had direct responsibility for the incidents related to his receipt of medication. *See Gully v. Maynard*, 218 Fed. Appx. 551, 552 (8th Cir. 2007) (citing *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985)). Moreover, the plaintiff fails to establish municipal liability under 42 U.S.C. § 1983 because he does not allege that a constitutional violation was committed pursuant to an official custom, policy or practice of the Dubuque County Jail. *See Moyle v. Anderson*, 571 F.3d 814, 817-18 (8th Cir. 2009). Similarly, Michael Muenster is not a proper defendant because the denial of grievances does not state a substantive constitutional claim. *See Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002), *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). For failure to state a 42 U.S.C. § 1983 claim with an arguable basis in fact or in law, the plaintiff's claims against the Dubuque County Jail and Michael Muenster shall be dismissed. *See* 42 U.S.C. § 1997e(c); *see also* 28 U.S.C. § 1915A(b)(1); *Denton*, 504 U.S. at 26-27; *Neitzke*, 490 U.S. at 325-27; *Cokeley*, 27 F.3d at 332.

In sum, the plaintiff's action shall be dismissed as frivolous or for failing to state a claim upon which relief can be granted. Because the court deems it appropriate to dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the dismissal of this action shall count against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED**:

(1) The plaintiff's application to proceed in forma pauperis status (docket no. 3) is granted.

(2) The clerk's office is directed to file the complaint without the prepayment of the filing fee.

(3) The plaintiff is directed to submit an initial partial filing fee of $1.10 by no later than January 31, 2012. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

(4) After the plaintiff pays the initial partial filing fee, the institution having custody of the plaintiff is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, the plaintiff is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

(5) The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

(6) The plaintiff's application for appointment of counsel (docket no. 2) is denied.

(7) The plaintiff's 42 U.S.C. § 1983 action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

(8) The dismissal of the instant action counts against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**DATED** this 12th day of January, 2012.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

TO:  WARDEN/ADMINISTRATOR
     FPC-YANKTON

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Curtis Smith, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Smith v. Dubuque County Jail et al.*, Case No. C11-1043-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has assessed an initial partial filing fee of $1.10, which the inmate must pay now to the clerk of court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account.

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

_____
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa